STEIN J

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/07

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

v.

CHEVRON CORPORATION,

        Defendant.

Civil Action No. 07 Cv. 10299 (SHS)

## FINAL JUDGMENT AS TO DEFENDANT CHEVRON CORPORATION

The Securities and Exchange Commission having filed a Complaint and Defendant Chevron Corporation ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78m(b)(2)(A), by failing to make and keep books, records,

and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $25,000,000, and a civil penalty in the amount of $3,000,000 pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall satisfy the obligation to pay disgorgement by Defendant's forfeiture payment of $20,000,000 pursuant to a written non-prosecution agreement with the U.S.

Attorney's Office for the Southern District of New York and its forfeiture payment of $5,000,000 pursuant to a written agreement with the Manhattan District Attorney's Office. Defendant shall satisfy its penalty obligation by paying $3,000,000 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a cover letter identifying Chevron as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of the payment of disgorgement and payment of civil penalty and letter to the Commission's counsel in this action. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: __11/20__, 07

_____
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>CHEVRON CORPORATION<br><br>        Defendant. | Civil Action No._____ |

**CONSENT OF DEFENDANT CHEVRON CORPORATION**

1. Defendant Chevron Corporation ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

  (a) permanently restrains and enjoins Defendant from violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act");

  (b) orders Defendant to pay disgorgement in the amount of $25,000,000; and

        (c)        orders Defendant to pay a civil penalty in the amount of $3,000,000 under Section 21(d)(3) of the Exchange Act.

3.      Defendant agrees that it will satisfy the obligation to pay disgorgement by Defendant's forfeiture payment of $20,000,000 pursuant to a written non-prosecution agreement with the U.S. Attorney's Office for the Southern District of New York and by its forfeiture payment of $5,000,000 pursuant to a written agreement with the Manhattan District Attorney's Office.

4.      Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors or others. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors or others.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission

or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.  Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.  Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other

regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States

acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

15.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 11/8/07                          Chevron Corporation

By: _____
Name of person signing for entity
Title: Assistant Secretary
Address: 6001 Bollinger Canyon Rd.
San Ramon, CA 94583

On _attached_____, 2007, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Chevron Corporation as its _____

_____
Notary Public
Commission expires:

Approved as to form:

_____
Charles M. Carberry, Esq.
Jones Day
222 East 41st Street
New York, NY 10017-6702
(212) 326-3920
Attorney for Defendant

6

| | |
|---|---|
| State of California | ) |
| City of San Ramon | ) ss |
| County of Contra Costa | ) |

On November 8, 2007 before me, Scott Banks, a Notary Public, personally appeared Kari H. Endries, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

*[signature: Scott Banks]*

```
SCOTT BANKS
Commission # 1719486
Notary Public - California
Contra Costa County
My Comm. Expires Jan 22, 2011
```

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

Date:

In Re:

-v-

Case #:            (        )

Dear Litigant,

    Enclosed is a copy of the judgment entered in your case.

    Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

    If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

    The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

    The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is ~~$250.00~~ $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

J. Michael McMahon, Clerk of Court

by: _____

, Deputy Clerk

**APPEAL FORMS**
Docket Support Unit

Revised: March 4, 2003

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------------------X
                                                |
                                                |          NOTICE OF APPEAL
                                                |
                -V-                             |
                                                |
                                                |          civ.         (   )
                                                |
                                                |
------------------------------------------------X
```

Notice is hereby given that _____
                                                               (party)
hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]

entered in this action on the _____ day of _____ , _____ .
                                    (day)        (month)       (year)

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____     (   ) _____-_____
                                                  (Telephone Number)

**Note:** You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 1

**APPEAL FORMS**
Docket Support Unit

Revised: March 4, 2003

**United States District Court
Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
-----------------------------------------X
                                         |
                                         |      MOTION FOR EXTENSION OF TIME
                                         |       TO FILE A NOTICE OF APPEAL
            -V-                          |
                                         |
                                         |        civ.        (   )
                                         |
                                         |
-----------------------------------------X
```

    Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully
                                                                            (party)

requests leave to file the within notice of appeal out of time. _____
                                                                                                                                          (party)

desires to appeal the judgment in this action entered on _____ but failed to file a
                                                                                           (day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]

 

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____        (   )_____-_____
                                                                              (Telephone Number)

**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be received in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

FORM 2

**APPEAL FORMS**
Docket Support Unit

Revised: March 4, 2003

United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
-----------------------------------------X
                                         |
                                         |         NOTICE OF APPEAL
                                         |              AND
        -V-                              |   MOTION FOR EXTENSION OF TIME
                                         |
                                         |     civ.          (    )
                                         |
-----------------------------------------X
```

1.   Notice is hereby given that _____ hereby appeals to
                                            (party)
the United States Court of Appeals for the Second Circuit from the judgment entered on _____.
              [Give a description of the judgment]


2.   In the event that this form was not received in the Clerk's office within the required time

_____ respectfully requests the court to grant an extension of time in
         (party)
accordance with Fed. R. App. P. 4(a)(5).

   a.   In support of this request, _____ states that
                                                (party)
this Court's judgment was received on _____ and that this form was mailed to the
                                              (date)
court on _____.
              (date)

                                           _____
                                                     (Signature)

                                           _____
                                                     (Address)

                                           _____
                                               (City, State and Zip Code)

Date: _____       (     ) _____-_____
                                              (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the District Court will <u>receive</u> it within the 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 3

APPEAL FORMS

Docket Support Unit                                       Revised: March 4, 2003

United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
----------------------------------------X
                                        |
                                        |    AFFIRMATION OF SERVICE
                                        |
          -V-                           |
                                        |
                                        |    civ.         (   )
                                        |
                                        |
----------------------------------------X
```

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____

Date: _____
       New York, New York

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

FORM 4

**APPEAL FORMS**

Docket Support Unit                                    Revised: March 4, 2003